**In re WESTERLEIGH DEVELOPMENT CORP., Alleged Debtor.**

**Bankruptcy No. 92 B 20807.**

United States Bankruptcy Court,
S.D. New York.

June 4, 1992.

Pirro & Monsell, P.C., White Plains, N.Y., for Anthony Di Paolo.

Barr & Rosenbaum, Spring Valley, N.Y., for Pirro & Monsell.

Marc Stuart Goldberg & Associates, P.C., New York City (Neil Berger, Marc Stuart Goldberg, of Counsel), for E.V. Iorio Const. Corp.

## DECISION ON MOTION FOR ORDER DISMISSING INVOLUNTARY PETITION

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The debtor's failure to develop the last of five vacant lots which it owned due to a dispute between its only two shareholders resulted in an involuntary Chapter 11 petition filed against the debtor. One shareholder moved to dismiss the involuntary petition and the other shareholder's corporation objected, among other things, to the movant's standing to oppose the petition. Anthony G. Di Paolo ("Di Paolo"), a 50% shareholder, director and officer of the debtor, Westerleigh Development Corp., moved for an order dismissing the involuntary Chapter 11 petition filed against the debtor by E.V. Iorio Construction Corp. ("the petitioner") as having been filed in bad faith and because its claim is allegedly subject to a bona fide dispute. The petitioner objected to Di Paolo's standing to challenge or answer the involuntary Chapter 11 petition.

## FACTUAL BACKGROUND

The debtor is a New York corporation formed in 1984 for the purpose of developing certain real property consisting of five vacant lots in Rye Brook, New York, which were sold to the debtor by Di Paolo, who took back a mortgage of $500,000.00 to secure the purchase price. Di Paolo and E. Vincent Iorio ("Iorio") are the only shareholders, directors and officers of the debtor, each holding 50% of the debtor's common stock.

Di Paolo and Iorio agreed to subdivide the five vacant lots and construct five custom designed homes on them. Iorio was to handle the construction of the homes, through his family owned corporation, E.V. Iorio Construction Corp., the petitioner in this case. The five lots were subdivided and four of the lots were developed by the construction of a home on each lot, which were thereafter sold. A controversy then developed between the debtor's two shareholders as to the fifth and last vacant lot owned by the debtor. This lot five represents the only non-cash asset of the debtor.

In June of 1991, Iorio, as a shareholder of the debtor suing on behalf of the debtor, commenced an action against Di Paolo in state court seeking damages stemming from Di Paolo's actions which allegedly prevented the debtor from developing the last lot. Iorio also claims that he is owed a fee for the construction work.

In April of 1992, Di Paolo commenced an action in state court against the debtor seeking to foreclose upon the mortgage against the fifth and last lot owned by the debtor. On September 10, 1991, the state court issued a decision in favor of Di Paolo and against the debtor foreclosing upon the mortgage.

On April 28, 1992, Iorio's family owned corporation filed with this court an involuntary Chapter 11 petition against the debtor. As a result of the automatic stay imposed under 11 U.S.C. § 362(c), the state court foreclosure action commenced by Di Paolo against the debtor has been stayed.

In his affidavit sworn to on May 22, 1992 submitted in opposition to Di Paolo's motion to dismiss the Chapter 11 petition, Iorio states that during the past two years the debtor has been unable to execute any corporate decisions or effect any corporate act because of the dispute between its only two shareholders. Iorio states that because of this dispute the debtor is paralyzed and has ceased its business operations. He further states that the debtor is not generating any income and has failed to pay its debts as they became due. In sum, this is a two-party dispute which is the subject of two state court actions and which has now been carried over into the bankruptcy court.

40

## DISCUSSION

### Standing

■ Pursuant to 11 U.S.C. § 303(d), an answer to an involuntary petition may be filed by the debtor, or a general partner in a partnership debtor that did not join in the petition. This point is also reinforced by Federal Rule of Bankruptcy Procedure 1011(a). A creditor is not authorized to contest an involuntary petition because a creditor may have an incentive to protect a preference or to gain some unfair advantage of the expense of other creditors. *In re New Era Co.*, 115 B.R. 41 (Bankr. S.D.N.Y.1990) (citing supporting cases), *aff'd*, 125 B.R. 725 (S.D.N.Y.1991). Similarly, there is no express statutory authority for stockholders to contest an involuntary petition filed against their corporation. *In re The Ceiling Fan Distributor, Inc.*, 37 B.R. 701 (Bankr.M.D.La.1983). However, this is not an inflexible rule. In the *Ceiling Fan* case, the court assumed that under certain circumstances, stockholders might be permitted to contest an involuntary petition against their corporation where there was a plan or scheme to achieve fraud "or other proscribed conduct." *Id.* at 702. Similarly, the district court in *In re Oakland Popcorn Supply, Inc.*, 213 F.Supp. 665 (N.D.Cal.1963) said:

> While it is true that stockholders of a bankrupt corporation have no statutory right to contest an involuntary petition, it is within the discretion of the bankruptcy court to permit them to do so.

*Id.* at 667 (citations omitted).

■ Manifestly, the debtor in the instant case is unable to answer the petition because its only two shareholders are on either side of the case, with neither having authority to act for the corporation. Indeed, in his affidavit objecting to Di Paolo's standing, Iorio admits that the two shareholders are deadlocked and that "the debtor is paralyzed." In these circumstances, either shareholder should be afforded standing to contest an involuntary Chapter 11 petition filed against the corporation, especially when the petitioner is the family owned corporation of the other 50% shareholder.

### The Petition

■ The petition reflects that this case is essentially a two-party dispute involving the debtor's last vacant lot. Each of the debtor's two shareholders has a state court action pending with respect to the real estate which the debtor was formed for the purpose of developing. Whether or not the petitioner has a bona fide claim against the debtor which is not in dispute is irrelevant. The key point is that a bankruptcy court should not entertain a two-party dispute unless special circumstances exist, such as fraud, artifice or scam. *In re Axl Industries, Inc.*, 127 B.R. 482 (S.D.Fla.1991). This is so because the parties can obtain adequate relief in a non-bankruptcy forum, as stated by the district court in the *Axl* case, which presents a strikingly similar fact pattern:

> Another factor to be considered in determining the propriety of abstention is the assets of the debtor's estate. Courts have abstained where the only significant asset was a lawsuit. Since there was nothing to administer pending resolution of litigation, the court found that there was no estate of any significance. Dismissal without prejudice was therefore appropriate.
>
> . . . .
>
> ... Additionally, AXL has virtually ceased doing business and that [sic] there is no indication that AXL can engage in any further business. *The interests of a defunct business enterprise would be little affected by the pendency of a bankruptcy proceeding.*

*Axl Industries*, 127 B.R. at 485–86 (citation omitted) (emphasis added).

■ In the instant case, the petitioner admits that the debtor is paralyzed and is incapable of operating its business affairs. The only non-cash asset which the debtor has is a vacant lot which it cannot develop as a result of the dispute between the debtor's two shareholders. Therefore, the petitioner reasons that a Chapter 11 trustee should be appointed to maximize the debtor's assets and propose a liquidating

plan of reorganization. Obviously, the petitioner did not wish to seek liquidation in a Chapter 7 case because it would be difficult to maintain the automatic stay against a Chapter 7 trustee in bankruptcy, with the result that Di Paolo would be permitted to pursue his mortgage foreclosure action. Evidently, the Chapter 11 petition was filed mainly for the purpose of staying the foreclosure action because a liquidation under a Chapter 11 trustee is not much different than a liquidation by a Chapter 7 trustee.

In sum, there is nothing to be reorganized in this Chapter 11 case. The debtor's business is paralyzed and defunct and its two shareholders are deadlocked in a two-party dispute which is being played out in the state courts. The debtor's only non-cash asset is a vacant lot. The bankruptcy court should not be used by one shareholder to gain leverage over the other. The involuntary Chapter 11 petition should be dismissed because the interests of the creditors and the debtor would be better served by such dismissal. The two feuding shareholders may continue their state court actions and obtain appropriate relief without using the bankruptcy court as an additional weapon to resolve their disputes. Section 305(a)(1) of the Bankruptcy Code specifically authorizes a court to dismiss a case or abstain if "the interests of creditors and the debtor would be better served by such dismissal or suspension...." 11 U.S.C. § 305(a)(1).

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties pursuant to 28 U.S.C. § 1334 and § 157(a). This is a core proceeding in accordance with 28 U.S.C. § 157(b)(2)(A).

2. Di Paolo, as a 50% shareholder of a deadlocked corporate debtor in a two-party dispute, has standing to challenge the involuntary Chapter 11 petition filed by the other shareholder's wholly owned corporation.

3. There is nothing to be reorganized in an involuntary Chapter 11 petition filed against this paralyzed debtor because its business is defunct and its operations have ceased as a result of a two-party dispute between the debtor's only two shareholders.

4. The bankruptcy court will not entertain an involuntary Chapter 11 petition filed by the family owned corporation of one of the debtor's two shareholders where such petition was filed in order for one shareholder to gain leverage over the other shareholder in a two-party dispute.

5. Di Paolo's motion to dismiss the involuntary Chapter 11 petition is granted pursuant to 11 U.S.C. § 305(a)(1).

6. Di Paolo's motion for sanctions is denied.

SETTLE ORDER on notice.