# In re ACCIDENT CLAIMS DETERMINATION CORP., Debtor.

### Bankruptcy No. 192–13588–260.

U.S. Bankruptcy Court,
E.D. New York.

Oct. 6, 1992.

Finkel, Goldstein, Berzow & Rosenbloom by Harold S. Berzow, New York City, for petitioning creditors.

Pryor, Cashman, Sherman & Flynn, by John Brecker, New York City, for debtor.

Velella, Velella & Basso, by Gary Basso, Bronx, N.Y., for trustee.

## DECISION ON MOTION TO VACATE THE ORDER FOR RELIEF AND TO DISMISS THE INVOLUNTARY PETITION

CONRAD B. DUBERSTEIN, Chief Judge.

This matter comes before the Court on a motion by Accident Claims Determination Corp. ("ACDC" or the "Debtor") to vacate the Order for Relief, dated June 17, 1992, and to dismiss the involuntary petition on the ground that service was not proper. For the reasons hereinafter set forth, the Order for Relief is hereby vacated and the case is dismissed.

## FACTS

On April 29, 1992, an involuntary petition was filed against the Debtor for relief under Chapter 7 of the Bankruptcy Code by Rail Llanes, Gerald Kadish and Jerome B. Margolies (the "Petitioners"). Pursuant to the petition, the Petitioners claim to hold unsecured claims that are not subject to a bona fide dispute in excess of $10,255.00 for services rendered to the Debtor. On the same day, counsel for the Petitioners, Finkel, Goldstein, Berzow & Rosenbloom, obtained a summons for service on the Debtor which required it to answer, move or otherwise plead to the petition, within twenty days from the date of service. On that day, April 29, 1992, the attorneys mailed the summons and involuntary petition to the Debtor at 101–49 Woodhaven Boulevard, Ozone Park, New York 11416.

Shortly after the summons and petition were mailed, the Postal Service returned the envelope as undeliverable at the stated address. The returned envelope bore the Postal Service's stamped legend that the Debtor had left no forwarding address and that the Post Office was unable to forward the same.

Counsel for the Petitioners obtained a new address for the Debtor and re-mailed the same summons and involuntary petition on May 12, 1992, to the new address. It is to be noted that said service took place more than ten days after the issuance of the summons. The summons required the Debtor to answer or move within twenty days after service; if it failed to respond, an Order for Relief would be entered. Twenty-two days after the summons was remailed, the Debtor contacted the attorney for the Petitioners and requested an extension of time in which to serve and file an answer to the involuntary petition. The Debtor's request was denied.

On June 8, 1992, more than twenty days after the summons was served, the Debtor interposed an answer objecting to the relief requested by the petition. Nevertheless,

the Petitioners, by its counsel, mailed a proposed Order for Relief under Chapter 7 and an accompanying letter to this Court, dated June 11, 1992, requesting the entry of the order. On June 17, 1992, the Order for Relief was entered by this Court.

The Debtor alleges that it did not receive a copy of the Petitioners' letter and proposed order until June 23, 1992, at which time it filed a reply arguing that the summons was improperly served and filed and that the involuntary petition should be dismissed.

On June 29, 1992, the Debtor's counsel received a copy of the signed Order for Relief. The next day the Debtor filed the present motion claiming that it filed an answer to the summons prior to the entry of the Order for Relief and seeking to vacate the Order for Relief and to dismiss the involuntary petition on the ground that the Petitioners failed to properly serve it with the summons and involuntary petition.

In response, the Petitioners claimed that the effect of the second service did not prejudice the Debtor's rights or opportunity to respond to the involuntary petition inasmuch as it was still afforded the requisite twenty days to respond, and that the Order for Relief should be sustained since the "Debtor is not in business and has not been in active business for some time; has no employees, no income and is essentially moribund."

## DISCUSSION

Upon the filing of an involuntary petition in bankruptcy, the Clerk of the Court is directed to issue a summons for service on the Debtor pursuant to Fed.R.Bankr.P. 1010. It requires service of the summons and a copy of the petition to be served on the debtor in the manner provided for service pursuant to Fed.R.Bankr.P. 7004. *Id.*

Pursuant to Fed.R.Bankr.P. 7004, which incorporates Fed.R.Civ.P. 4, service of the summons and involuntary petition must be made within ten days following the issuance of the summons. Fed.R.Bankr.P. 7004(f). In the event service is not effectuated within ten days, a new summons shall be issued and served. *Id.* Untimely service is a basis for a motion to quash service due to an insufficiency of process. Fed. R.Bankr.P. 7012; Fed.R.Civ.P. 12(b).

 In the instant case, the summons was issued on April 29, 1992. The affidavit of service filed by the Petitioner's counsel reflects that the summons and involuntary petition were mailed to the Debtor's correct address on May 12, 1992, fourteen days after the issuance of the summons. Therefore, pursuant to Fed.R.Bankr.P. 7004(f), a new summons should have been issued and served. Accordingly, service of the summons and involuntary petition on the Debtor was improper and for that reason alone, this Court could dismiss the involuntary petition in bankruptcy.

The Petitioners argue that, even though service was made outside the ten day period, the Debtor nevertheless responded to the involuntary petition by interposing an answer.

While this Court takes judicial notice of the fact that an answer was filed on June 8, 1992, it was nonetheless untimely. On June 1, 1992, the twenty day period had expired. At such time, no defense, answer, or motion pursuant to Fed.R.Civ.P. 12(b) had been filed. Therefore, pursuant to Fed.R.Bankr.P. 1013(b), the Debtor was deemed in default and this Court was compelled to, and did, enter an Order for Relief against it.

The Debtor argues that it had filed an answer to the summons prior to the entry of the Order for Relief and should therefore be entitled to a trial of the issues. Federal Rules of Bankruptcy Procedure 1011(b) requires defenses or objections to an involuntary petition to "be filed and served within 20 days after the service of the summons." Fed.R.Bankr.P. 1011(b). In the event a pleading or other defense to the involuntary petition is not filed within the twenty day period, the court, on the next day, shall enter an order for the relief requested for in the petition. Fed. R.Bankr.P. 1013(b). In addition, the only time the twenty day period to file the responsive pleading or answer can be extended is upon the timely service of a motion

pursuant to Fed.R.Civ.P. 12(b). Fed. R.Bankr.P. 1011(c); *In re Robeor*, 93 B.R. 16, 21 (Bankr.N.D.N.Y.1988).

This Court is thus forced with two procedural acts of omission by the parties. Firstly, the second summons was served after the expiration of the ten days required by Fed.R.Bankr.P. 7004(f). Secondly, the answer was served beyond the twenty days required by Fed.R.Bankr.P. 1011(b). Notwithstanding said failures to observe the Fed.R.Bankr.P., in the interest of justice and to be fair to both parties the Court has undertaken to examine the answer to determine whether it states a meritorious defense.

In its answer, the Debtor argues that the Petitioners lack standing to file an involuntary petition due to the fact that their claims have either been paid or are subject to a bona fide dispute. *In re Cardon Realty Corp.*, 124 B.R. 630, 633 (W.D.N.Y. 1991).

The Debtor further alleges that prior to the filing of the petition, the Debtor commenced a proceeding in the Supreme Court of the State of New York, County of Nassau, entitled *Accidental Claims Determination Corp., Sol Kalish and Allen Hausknecht v. Material Damage Adjustment Corp., Robert Plan Inc., William Wallach, Murray Durst, et al.* The complaint alleged, *inter alia,* conversion of the Debtor's assets, breach of fiduciary duty by Murray Durst, who is a principal and one of the defendants, and unjust enrichment by the defendants. As pointed out by the Debtor in its answer, it claims that the Petitioners are either related to or working for Material Damage Adjustment Corp., William Wallach and Murray Durst, several of the defendants in the state court action, and that the involuntary petition was filed in bad faith merely to harass the Debtor and its principals, Sol Kalish and Allen Houseknecht.

A bona fide dispute exists if a debtor raises substantial factual or legal issues related to the merits of the creditor's claims. *B.D.W. Assoc., Inc. v. Busy Beaver Bldg. Ctrs., Inc.*, 865 F.2d 65, 66–67 (3rd Cir.1989); *In re Castle Mall, Inc.*, 127 B.R. 336, 339 (Bankr.D.Del.1991). While this Court need not resolve the factual or legal issue pertaining to the bona fide dispute, it must determine that such an issue exists. *Castle Mall*, 127 B.R. at 339. In the event a bona fide dispute exists, such creditor's claim cannot be included to meet the requirements of § 303(b)(1). As Judge Goetz noted in *In re Shapiro*, 128 B.R. 328 (Bankr.E.D.N.Y.1991),

> [t]he reason for not permitting creditors whose debts are disputed by a debtor to join in an involuntary petition in bankruptcy is to prevent abuse of the bankruptcy laws by letting a dissatisfied creditor throw into question the solvency of an entity which has good reason for not paying a specific debt.

*Id.* at 332. Inasmuch as no trial of the issues, raised by the petition and answer, was conducted, this Court did not examine into whether or not a bona fide dispute exists because, as hereinafter appears, there is justification to dismiss this case in any event.

In examining into the facts involved in the state court action instituted by the Debtor as plaintiff, it appears that the petitioning creditors are either related to or working for the defendants. Pursuant to § 305(a) of the Bankruptcy Code, the "court, after notice and a hearing, may dismiss a case under this title, . . . at any time if . . . the interests of creditors and the debtor would be better served by such dismissal. . . ." In determining whether to dismiss a case, the bankruptcy court should consider, in addition to the best interests of the creditors and the debtor, the efficiency and economy of administration. *In re Michael S. Starbuck, Inc.*, 14 B.R. 134 (Bankr.S.D.N.Y.1981). In addition, where adequate remedies lie in the state court, the bankruptcy court is not the appropriate forum for the case. *In re Trina Associates*, 128 B.R. 858, 868 (Bankr.E.D.N.Y. 1991); *In re Beacon Reef Ltd. Partnership*, 43 B.R. 644, 647 (Bankr.S.D.Fla.1984). *See In re Exchange Network Corp.*, 85 B.R. 128, 130 (Bankr.D.Colo.), *aff'd,* 92 B.R. 479 (D.Colo.1988) (involuntary petition served as a substitute for customary collec-

**68**

tion procedures or as an alternative forum for civil litigation may constitute bad faith conduct by the petitioners).

■ By reason of the foregoing, this Court finds ample reason to dismiss this case in accordance with the provisions of § 305 of the Bankruptcy Code, in addition to this Court's observation that the Order for Relief should be vacated for failure to observe the provision of Fed.R.Bankr.P. 7004(f). Accordingly, the Order for Relief is hereby vacated and the case is dismissed.

SUBMIT AN ORDER CONSISTENT WITH THIS OPINION