In re **ED JANSEN'S PATIO, INC., Debtor.**

**Bankruptcy No. 94–843–9P1.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

March 23, 1995.

Louis X. Amato, Naples, FL, for debtor.

Edward R. Miller, Naples, FL, for petitioning creditors.

### ORDER ON MOTION TO ASSESS FEES, COSTS AND DAMAGES

ALEXANDER L. PASKAY, Chief Judge.

THIS is a dismissed involuntary Chapter 11 case and the matter under consideration is a Motion to Assess Fees and Costs filed by Ed Jansen's Patio, Inc. (Debtor) in the above

captioned case. The facts relevant to resolution of this controversy are basically without dispute and are as follows:

Prior to the commencement of this case, the Debtor filed an assignment for benefit of creditors in the Circuit Court for Collier County, Florida. The Assignment was accepted by the Circuit Court and Thomas Mitchusson, C.P.A. was appointed to serve as the Assignee for Benefit of Creditors.

On January 27, 1994, certain creditors filed an involuntary petition for relief under Chapter 11 against the Debtor. On February 4, 1994, the Debtor filed a Motion to Excuse Compliance and a Motion to Abstain, Dismiss or Abate Involuntary Case. In due course, the Motions were heard and after considering the evidence presented, this Court dismissed the involuntary petition upon a finding that the petitioning creditors were not in fact creditors of the Debtor. This Court reserved jurisdiction to consider the Motion to Impose Sanctions pursuant to § 303(i) of the Code filed by the Debtor.

In opposition to the Motion, the Petitioning Creditors point out that the Debtor is defunct and no longer operates any business; second, it has no employees; and third, it no has no assets. Therefore, it cannot show that it suffered any damages as a result of the filing of the involuntary petition. In addition, the Petitioning Creditors contend that the Assignee has no standing to seek fees and damages pointing to the specific reference to "Debtor" contained in § 303(i). In opposition, the Debtor contends that the estate had to expend monies to defend the involuntary petition and these funds were funds that would ordinarily have gone for the benefit of creditors.

Section 303 of the Bankruptcy Code provides in pertinent part as follows:

§ 303. Involuntary cases

(i) If the court dismisses a petition under this section other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment—

(1) against the petitioners and in favor of the debtor for—

(A) costs; or

(B) a reasonable attorney's fee; or

(2) against any petitioner that filed the petition in bad faith, for—

(A) any damages proximately caused by such filing

(B) punitive damages.

■ Even a cursory reading of this statute reveals that the relief set forth in § 303(i) is available only to the debtor. However, in a situation such as the one presently before the Court, there must be available some remedy for the improper filing of an involuntary petition. The Florida Statutes define "estate" in § 727.104(1)(b) for the purpose of assignment of benefit of creditors as all nonexempt assets of the debtor. Since the Debtor had an interest in the proceeds from the liquidation sale, to the extent there was any surplus of funds after payment of all creditors and costs, the damages incurred as a result of the filing of the involuntary petition are recoverable. Further, to the extent that the assets of the estate were reduced by the expenditure of fees in defense of the involuntary petition, these costs should be recoverable from the petitioning creditors.

■ Based upon the testimony provided at the evidentiary hearing and a review of the exhibits, this Court is satisfied that the Petitioning Creditors should be required to pay the costs of the Debtor and Assignee for Benefit of Creditors, as these costs will ultimately be borne by the general body of creditors. However, this Court is satisfied that it is impossible to determine what damages, if any, were suffered by the Debtor or Assignee as a result of the involuntary petition. This is so because an attempt to quantify the amount of sales lost as a result of the involuntary petition would be nothing more than speculation.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Award Costs, Fee and Damages is hereby granted and the Debtor is hereby entitled to recover the costs resulting from the filing the involuntary peti-

tion. A separate final judgment shall be entered in accordance with the foregoing.

DONE AND ORDERED.