### In re JR. FOOD MART OF ARKANSAS, INC.

**Bankruptcy No. 99–20011 S.**

United States Bankruptcy Court,
E.D. Arkansas,
Helena Division.

March 5, 1999.

Martha Jett McAlister, Little Rock, AR, for plaintiff.

James E. Smith, Littlt Rock, AR, for defendant.

### *ORDER*

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon a Motion to Strike, filed on January 29, 1999, by a petitioning creditor, Union Planter's Bank. On January 6, 1999, three creditors filed an involuntary chapter 7 petition naming Jr. Food Mart of Arkan-

sas, Inc. as a debtor. 11 U.S.C. § 303. On January 27, 1999, a number of entities related to Jr. Food Mart ("respondents") filed a Response and Motion to Dismiss or Abstain, requesting that the petition be dismissed for a number of reasons. Although this document requests dismissal, the style is similar to a response to the petition. In addition to this Response, these same respondents have filed a separate Motion to Dismiss or Abstain pursuant to 11 U.S.C. § 305, 707(a). The petitioning creditors have now moved to strike this first responsive pleading, asserting that the respondents lack standing to object to the involuntary petition.

The petitioning creditors argue that, pursuant to section 303(d) of the Bankruptcy Code and Rule 1011(a), Federal Rules of Bankruptcy Procedure, only the debtor may contest the involuntary petition. Section 303(a) provides for the filing of an involuntary petition and Section (d) provides for an answer to the petition. If the petition is not controverted, under section 303(h), the court orders relief against the debtor. Indeed, Rule 1013 requires that the Court enter the order for relief *the next day* if no pleading is filed contesting the petition.[1] Otherwise, trial on the petition is held. If the petition is dismissed, subsection 303(i) provides for damages. Rule 1011 governs responsive pleadings to involuntary cases and does not permit any party other than the debtor to file a responsive *pleading* to the petition.[2]

■ The Bankruptcy Code and Rules unambiguously provide that, other than in the partnership situation, only the debtor named in the involuntary petition may "contest" the petition. That is, only the debtor may file a responsive pleading and

utilize section 303(j) of the Bankruptcy Code as grounds for dismissal. *See Federal Trade Comm'n v. American Institute for Research & Development*, 219 B.R. 639 (D.Mass.1998); *In re Taylor & Assoc., L.P.*, 191 B.R. 374 (Bankr.E.D.Tenn.1996). Moreover, the Code and Rules require that since there is no responsive pleading filed by the debtor, the order for relief must be entered forthwith. Fed. R.Bankr.P. 1013. Accordingly, entry of the Order for Relief is appropriate.

■ That does not dispose of the respondents' requests for relief, however. Although their initial document is styled, in part, a Response, it contains a separate motion to dismiss or abstain. Moreover, the related briefs assert 11 U.S.C. §§ 707 and 305 as grounds for relief, and there is pending a separate motion to dismiss which raises these Code sections. Although the case authority is not clear as to whether damages are permitted against petitioning parties, *compare Hurley v. Kujawa (In re Kujawa)*, 224 B.R. 104 (E.D.Mo.1998) (bankruptcy court could retain jurisdiction to resolve request for costs, fees and punitive damages) and *Koffman v. Osteoimplant Technology, Inc.*, 182 B.R. 115 (D.Md.1995) (court may not award damages under section 303(i) if bankruptcy court abstains), the Code and case authority clearly permit a party in interest to prosecute a motion to dismiss or abstain. Section 707(a) of the Bankruptcy Code provides for dismissal of a chapter 7 case "for cause." Similarly, section 305(a) provides that the Court may dismiss a case or suspend it in the best interests of the debtor and creditors. Unlike section 303 and Rule 1011 governing pleadings in response to the involuntary petition, sections 305(a) and 707(a) contain no language limiting who may file a motion

---

1. "If no pleading or other defense to a petition is filed within the time provided by Rule 1011, the court, on the next day, or as soon thereafter as practicable, shall enter an order for the relief requested in the petition." Fed. R.Bankr.P. 1013(b). In this case, the order for relief was not entered because, although

its propriety is contested, a document purporting to be a responsive pleading was filed.

2. Rule 1011 provides in pertinent part: *"(a) Who May Contest Petition.* The debtor named in an involuntary petition ... may contest the petition....."

to dismiss such that any party in interest may file and prosecute such motions. *See Fisher v. Bank Leumi Trust Co. of New York (In re MacFarlane Webster Assoc.),* 121 B.R. 694, 696, 700–702 (Bankr. S.D.N.Y.1990) ("The wording of the statute indicates that ... any party in interest can make such a [707(a)] motion...."); *In re Westerleigh Development Corp.,* 141 B.R. 38 (Bankr.S.D.N.Y.1992) (50% shareholder of debtor corporation had standing to obtain dismissal of bankruptcy under section 305). Prohibiting a creditor or other party in interest from seeking dismissal of an involuntary case would permit abusive filings without restraint. Indeed, the allegations made by respondents, if true, exemplify the abuse of the Bankruptcy Code that is possible when the debtor fails to contest the filing of the involuntary petition. *Cf. In re Westerleigh Development Corp.,* 141 B.R. 38 (Bankr.S.D.N.Y.1992); *Fisher v. Bank Leumi Trust Co. of New York (In re MacFarlane Webster Assoc.),* 121 B.R. 694, 696, 700–702 (Bankr. S.D.N.Y.1990).

■ Although the respondents may not contest the involuntary petition within the meaning of section 303 of the Bankruptcy Code and an Order for Relief, therefore, is appropriate, the respondents are not precluded from filing or prosecuting a motion to dismiss and, if successful, may be entitled to damages. The motions to dismiss or abstain shall be set for hearing by separate order.

**ORDERED** as follows:

1. The Motion to Strike, filed on January 29, 1999, by a petitioning creditor, Union Planter's Bank, is granted in part and denied in part. To the extent the Response is a pleading in answer to the petition, the motion is granted. The motion is denied, however, with regard to the requests for relief which are construed, together with the factual allegations contained in the motion, as a motion under sections 305(a) and 707(a) of the Bankruptcy Code.

2. The petitioners shall submit an appropriate Order for Relief for the Court's signature forthwith.

3. Trial on the motions to dismiss, filed on January 27, 1999, and January 29, 1999, shall be set by separate order.

**IT IS SO ORDERED.**