In re **MIKE HAMMER PRODUC-TIONS, INC.; Elephant Eye Productions, Inc.; Mowgli Productions, Inc.; Cibam, Inc.; Alleged Debtors.**

**Jeff Franklin, Appellant,**

**v.**

**Four Media Company; Anderson Video Company, Appellees.**

BAP Nos. CC–02–1433–MoPB to CC–02–1436–MoPB. Bankruptcy Nos. LA–01–25416–SB, LA–01–34314–SB, LA–01–34303–SB, LA–01–25410–SB.

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted on March 19, 2003.

Filed May 5, 2003.

Lewis R. Landau, Calabasas, CA, for Jeff Franklin.

Bruce T. McIntosh, Haney, Buchanan & Patterson LLP, Los Angeles, CA, for Four Media Company; Anderson Video Company.

Before MONTALI, PERRIS and BRANDT, Bankruptcy Judges.

## *OPINION*

MONTALI, Bankruptcy Judge.

Petitioning creditor Jeff Franklin ("Franklin") in these involuntary cases appeals from the bankruptcy court's identical orders in the four above-captioned involuntary bankruptcy cases (collectively, the "Damages Order") awarding damages in the single amount of $25,969.00 against him and in favor of creditors Four Media Company and Anderson Video Company (collectively, "Non–Petitioning Creditors"). Franklin argues that Non–Petitioning Creditors lack standing to seek damages under Section 303(i)(2).[1] We agree. The Damages Order will be REVERSED.

## I. FACTS

The facts are straightforward. Franklin filed involuntary petitions against the four above-captioned debtors (collectively, "Debtors"). The Non–Petitioning Creditors are plaintiffs in an action in state court against Franklin, Debtors, and other entities, all of whom are alleged to be alter-egos of each other.[2] The bankruptcy court issued orders to show cause why the involuntary petitions should not be dismissed; Non–Petitioning Creditors requested that the bankruptcy court retain jurisdiction to consider a motion for damages under Section 303(i)(2); the bankruptcy court granted that motion (the

1. Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330 and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9036.

2. In the state court action Non–Petitioning Creditors claim "several hundred thousand dollars of unpaid fees for extensive post production film work." A cross-complaint alleges over-charges. Franklin alleges that (at

"Damages Motion") and awarded damages of $25,969.00.

## II. ISSUE

Does Section 303(i)(2) authorize damage awards in favor of non-debtors?

## III. STANDARD OF REVIEW

Non–Petitioning Creditors argue that the issue is not one of law, but instead an exercise of the bankruptcy court's discretion whether to award costs and attorneys' fees under Section 303(i), citing *Susman v. Schmid (In re Reid)*, 854 F.2d 156 (7th Cir.1988). We disagree.

■ The bankruptcy court's discretion in awarding damages arises only if Congress authorized the award of damages to such parties. The interpretation of statutes and standing (to the extent this is an issue of standing) are issues of law, which we review de novo. *See U.S. v. Towers (In re Feiler)*, 230 B.R. 164, 167 (9th Cir. BAP 1999), *aff'd*, 218 F.3d 948 (9th Cir.2000); *Culver, LLC v. Chiu (In re Chiu)*, 266 B.R. 743, 747 (9th Cir. BAP 2001), *aff'd*, 304 F.3d 905 (9th Cir.2002).

The *Reid* decision is inapposite: the parties seeking recovery in that case were the debtor and his attorneys, and they sought attorneys' fees and expenses under Section 303(i)(1), not damages under (i)(2). *Reid*, 854 F.2d at 157.

## IV. DISCUSSION

■ Section 303(i) provides, in full:

least as to Debtor Mike Hammer Productions, Inc.) he "commenced involuntary bankruptcy proceedings against Debtor in order to try to protect his claim to income derived from Debtor's single asset—the television programming it produced." Whether Franklin did in fact file the involuntary petitions in bad faith is not an issue contested on this appeal, and we recite this background only for context.

(i) If the court dismisses a petition under this section other than on consent of all petitioners and the debtor, and if the *debtor* does not waive the right to judgment under this subsection, the court may grant judgment—

(1) *against the petitioners and in favor of the debtor* for—

(A) costs; or

(B) a reasonable attorney's fee; or

(2) *against any petitioner* that filed the petition in bad faith, for—

(A) any damages proximately caused by such filing; or

(B) punitive damages.

11 U.S.C. § 303(i) (emphasis added).

As the emphasized language suggests, there is an ambiguity in the statute whether damages under Section 303(i)(2) can be awarded only in favor of the debtor or in favor of any other party. Non–Petitioning Creditors argue that Congress—by omitting the words "and in favor of the debtor" from Section 303(i)(2) and including them in Section 303(i)(1)—intended not to limit standing to the debtor. Franklin counters that such a reading would conflict with the introductory language of Section 303(i), which provides that "the debtor" may waive the right to judgment. We agree with Franklin.

■ Because the statute is ambiguous, we will consider the legislative history, any relevant cases and public policy considerations. *Barstow v. I.R.S. (In re Bankruptcy Estate of MarkAir, Inc.)*, 308 F.3d 1038, 1043, 1045 (9th Cir.2002), *petition for cert. filed* (U.S. Mar. 12, 2003) (No. 02–1355).

In relevant part, the legislative history provides:

... if a petitioning creditor filed the petition in bad faith, the court may award *the debtor* any damages proximately caused by the filing of the petition. These damages may include such items as loss of business during and after the pendency of the case, and so on.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 324 (1977), U.S.Code Cong. & Admin.News 1978, 5963, 6280 (emphasis added); S.Rep. No. 989, 95th Cong., 2d Sess. 34 (1978), U.S.Code Cong. & Admin.News 1978, 5787, 5820 (identical text).

This specific reference to the "debtor" is a strong indication that Congress intended only the debtor to have standing to seek damages. In addition, Non–Petitioning Creditors' reading of the statute would create an anomaly because, as Franklin points out, the introductory clause would enable the debtor to waive someone else's damages. *See* 11 U.S.C. § 303(i) ("if the *debtor* does not waive the right to judgment under this subsection") (emphasis added).[3] That would be an invitation for abuse.

For example, debtors could extort payments from either the petitioning creditors or the non-debtors seeking damages, in exchange for either waiving or not waiving the damages claims. Such considerations make it unlikely that Congress intended the reading of Section 303(i) suggested by Non–Petitioning Creditors. *See In re New Era Co.*, 115 B.R. 41, 44–45 (Bankr. S.D.N.Y.1990) (reason why § 303(d) does not give creditors standing to contest involuntary petition is that permitting credi-

---

**3.** Franklin argues that he did in fact obtain a waiver from debtors, in the form of a mutual general release which was approved by the bankruptcy court in the bankruptcy case of Debtors' affiliate, Kushner–Locke Company (BK No. LA–01–44838–SB). This was the basis for Franklin's motion for reconsideration. Given our disposition of this appeal we do not reach this issue.

tors to contest petitions would enable them to "protect a preference or gain some unfair advantage at the expense of other creditors"), *aff'd,* 125 B.R. 725 (S.D.N.Y. 1991); *Highlander, Inc. v. Rothman,* 459 F.2d 554, 556 (9th Cir.1972) (same, under predecessor statute to § 303(d), quoting legislative history).

Franklin's reading is also more natural, and is consistent with the rather sparse authority to address this issue. *See In re Ed Jansen's Patio, Inc.,* 183 B.R. 643, 644 (Bankr.M.D.Fla.1995) ("the relief set forth in § 303(i) is available *only* to the debtor" (emphasis added), but because assignee for benefit of creditors was representative of debtor's estate he was eligible to recover "damages incurred as a result of the filing of the involuntary petition"). *See also In re Fox Island Sq. P'ship,* 106 B.R. 962, 968 (Bankr.N.D.Ill.1989) (non-petitioning general partner "represented the Partnership and thus may seek an award under Section 303"). *See generally* Kurtis A. Kemper, Annotation, *Award of Attorney's Fees Under 303(i)(1)(B) of Bankruptcy Code (11 U.S.C.A. § 303(i)) on Dismissal of Involuntary Petition in Bankruptcy,* 179 A.L.R. Fed. 549, 2002 WL 1473615 (2002) at § 7 (summarizing *Jansen's* and *Fox Is-*land ); 2 Bankr.Service L.Ed. § 13:305 (same).[4]

## V. CONCLUSION

Section 303(i)(2) does not give standing to third parties to recover damages from a bad-faith involuntary petitioner. Such a reading of the statute appears contrary to the legislative history and would create an anomaly within Section 303(i): a debtor could waive a non-debtor's damages claims. This would be an invitation to abuse. Rather, consistent with the introductory clause of Section 303(i), only the debtor has standing to recover damages under Section 303(i)(2).

The Damages Order is, therefore, REVERSED.

---

**4.** Non–Petitioning Creditors argue in the alternative that the bankruptcy court based its decision not just on Section 303(i) but also on its inherent power to impose civil sanctions on parties who appear before it. We decline to affirm on this basis.

The sole ground for the Damages Motion was Section 303(i). In each case, the bankruptcy court's order retaining jurisdiction mentions no ground for damages other than Section 303(i), nor does its Damages Order, nor any other order in the excerpts of record. At the end of the hearing on reconsideration, on April 16, 2002, the bankruptcy court for the first time introduced the idea that "it doesn't have to be under [Section] 303(i)." As Franklin's counsel argued in response, that was not "what the motion was brought under."

Note that an opinion of another panel, published simultaneously with this one, holds that Section 303(i) preempts any cause of action by non-debtors *under state law* for damages allegedly sustained from a dismissed involuntary petition. *Miles v. Okun (In re Miles),* 294 B.R. 756, 2003 WL 21204630 (9th Cir. BAP 2003). We express no view whether damages under the bankruptcy court's inherent powers, Section 105(a), Rule 9011, or some combination thereof would also be improper, in view of the specific remedies provided in Section 303. *But cf. Gonzales v. Parks,* 830 F.2d 1033, 1035–36 (9th Cir.1987) (debtors who file voluntary petitions without good faith are subject to sanctions, citing cases and Fed. R. Bankr.P. 9011).