**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

| | |
|---|---|
| IN THE MATTER OF 8SPEED8, INC. | No. 17-16277 |
| VIBE MICRO, INC.,<br>*Appellant*, | D.C. No.<br>2:14-cv-01618-RFB |
| v. | |
| SIG CAPITAL, LLC,<br>*Appellee.* | OPINION |

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Argued and Submitted November 15, 2018
San Francisco, California

Filed April 29, 2019

Before: Susan P. Graber, Stephanie Dawn Thacker,[*]
and Mark J. Bennett, Circuit Judges.

---

[*] The Honorable Stephanie Dawn Thacker, United States Circuit Judge for the U.S. Court of Appeals for the Fourth Circuit, sitting by designation.

Opinion by Judge Thacker;
Dissent by Judge Bennett

## SUMMARY**

### Bankruptcy

The panel affirmed the district court's decision affirming the bankruptcy court's denial of a request for statutory damages made by a 50% shareholder in an involuntary debtor following dismissal of the bankruptcy case.

The panel held that the shareholder lacked standing to seek damages under 11 U.S.C. § 303(i) because it was not the debtor.

Dissenting, Judge Bennett wrote that *Miles v. Okun (In re Miles)*, 430 F.3d 1083 (9th Cir. 2005), holding that a third party could not seek damages under § 303(i), was not dispositive, and the shareholder did not lack standing to seek damages and attorneys' fees that would be awarded to the debtor, regardless of the debtor's ability to defend itself in the bankruptcy action, and notwithstanding that the shareholder actually obtained a dismissal on behalf of the debtor.

---

** This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

**COUNSEL**

Torrence E.S. Lewis (argued), Law Offices of Torrence E.S. Lewis, Pittsburgh, Pennsylvania, for Appellant.

David A. Stephens (argued), Stephens Gourley & Bywater, Las Vegas, Nevada, for Appellee.

**OPINION**

THACKER, Circuit Judge:

This case asks whether a 50% shareholder of an involuntary debtor may seek damages under 11 U.S.C. § 303(i). We hold that it may not. Accordingly, we affirm the decision of the district court.

In March 2012, 8Speed8, Inc. was incorporated in the state of Nevada. Appellant Vibe Micro, Inc. is a 50% owner of 8Speed8's voting stock. Appellee SIG Capital, Inc. is a creditor of 8Speed8 and owns 20 million contingent shares.

On December 13, 2013, SIG filed the involuntary bankruptcy petition at the center of this dispute. 8Speed8 never appeared in the bankruptcy action. Instead, on January 10, 2014, Vibe Micro filed a motion to dismiss the bankruptcy. Vibe Micro also asked for costs, fees, and actual and punitive damages under § 303(i). The bankruptcy court held a hearing August 28, 2014. At the hearing, SIG conceded that dismissal was appropriate. The bankruptcy court agreed but denied Vibe Micro's request for statutory attorney's fees and damages.

The court concluded that Vibe Micro did not have standing under § 301(i). The district court affirmed that decision, and this appeal followed.

We review the bankruptcy court's interpretation of bankruptcy statutes de novo. *See Sofris v. Maple-Whitworth, Inc. (In re Maple-Whitworth, Inc.)*, 556 F.3d 742, 745 (9th Cir. 2009). No deference is given to the district court's review of that decision. *See Higgins v. Vortex Fishing Sys., Inc.*, 379 F.3d 701, 705 (9th Cir. 2004).

Section 303(i) provides:

> If the court dismisses a petition under this section other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment–
>
> > (1) against the petitioners and *in favor of the debtor* for–
> >
> > (A) costs; or
> >
> > (B) a reasonable attorney's fee; or
> >
> > (2) against any petitioner that filed the petition in bad faith, for–
> >
> > (A) any damages proximately caused by such filing; or
> >
> > (B) punitive damages.

11 U.S.C. § 303(i) (emphasis added).

In *In re Miles*, we considered whether third parties may seek damages under § 303(i).  *See Miles v. Okun (In re Miles)*, 430 F.3d 1083, 1093–94 (9th Cir. 2005). Specifically, we examined two interpretations of standing to seek § 303(i) damages:  Either the presence of the phrase "in favor of the debtor" in § 303(i)(1) (regarding costs and attorney's fees) limits standing to collect all § 303(i) damages to the debtor, or the omission of that phrase from § 303(i)(2) (regarding other damages for bad faith filings) allows persons other than the debtor to collect damages for bad faith filings, but not costs and attorney's fees.  *See id.* at 1093.   In evaluating those competing interpretations, we considered legislative history, relevant caselaw, and public policy to determine the proper reading of the statute.  *See id.* (citing *Barstow v. IRS* (*In re Bankr. Estate of MarkAir, Inc.*), 308 F.3d 1038, 1043–46 (9th Cir. 2002)).  With those factors in mind, we concluded that § 303(i) limits standing to recover statutory damages resulting from an involuntary bankruptcy proceeding to the debtor.  Those same factors compel a similar result here.

First, the relevant House and Senate Reports suggest that only the debtor has standing to seek § 303(i) damages.  *See* H.R.Rep. No. 95-595, at 324 (1977), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6280; S.Rep. No. 95-989, at 34 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5820.  According to those reports, "if a petitioning creditor filed the petition in bad faith, the court may award the debtor any damages proximately caused by the filing of the petition."  *Id.*  "This specific reference to the 'debtor' is a strong indication that Congress intended only the debtor to have standing to seek damages."  *Franklin v. Four Media Co. (In re Mike Hammer Prods., Inc.)*, 294 B.R. 752, 754 (B.A.P. 9th Cir. 2003).

Second, appellate courts in this circuit have twice considered whether a non-debtor can seek damages under § 303(i), and twice those courts have decided it cannot. *See In re Miles*, 430 F.3d at 1093–94; *In re Hammer*, 294 B.R. at 753–54. Appellant's attempts to distinguish *Miles* on its facts are unavailing. Appellant notes that, in *Miles*, the debtor actually appeared in the involuntary proceedings, but in contrast, 8Speed8 never appeared in this case. Although true, Appellant's distinction does not require disparate treatment.

Appellants would have this court believe they are mere martyrs, standing up for the interests of 8Speed8 when no one else would. But, as valiant as Vibe Micro's intentions may have been, they were unnecessary. The Code has within its sections a remedy for cases like this: Section 305 gives the bankruptcy court the power to dismiss an involuntary petition sua sponte. "The court, after notice and a hearing, may dismiss a case . . . at any time if . . . the interests of creditors and the debtor would be better served by such . . . ." 11 U.S.C. § 305(a); *see also In re Accident Claims Determination Corp.*, 146 B.R. 64, 67–68 (Bankr. E.D.N.Y. 1992) (dismissing an involuntary petition where the petitioning creditors were intending to harass the debtor and its principals); *In re Westerleigh Dev. Corp.*, 141 B.R. 38, 41 (Bankr. S.D.N.Y. 1992) (dismissing an involuntary petition after finding that the petition was filed by a corporate shareholder to gain leverage over another shareholder). Accordingly, Vibe Micro's appearance in this case was just as voluntary as was the appearance of the third parties in *Miles*.

Third, reading § 303(i) to permit only the debtor to seek damages is consistent with its purpose and the policy interests underlying it. Section 303(i) is intended to alleviate

the consequences that involuntary proceedings impose on the debtor. Those consequences include "loss of credit standing, inability to transfer assets and carry on business affairs, and public embarrassment." *In re Reid*, 773 F.2d 945, 946 (7th Cir. 1985). A third party, who intervenes freely in an involuntary action, does not face those same consequences. Even if it did, § 303(i) would still not *guarantee* costs, fees, or damages. An award under § 303(i) —which states that the court "may" award costs, fees, or damages—is not mandatory. *See Susman v. Schmid (In re Reid)*, 854 F.2d 156, 159 (7th Cir. 1988) (explaining that an award of attorney's fees under § 301(i) is "committed to the discretion of the district court"); *Bankers Tr. Co. BT Serv. Co. v. Nordbrock (In re Nordbrock)*, 772 F.2d 397, 400 (8th Cir. 1985) (stating that a motion for attorney's fees is addressed in the discretion of the court); *In re Kidwell*, 158 B.R. 203, 217 (Bankr. E.D. Cal. 1993) (stating that "the better view is that [an award of costs and fees is] discretionary and not mandatory"); *In re Johnston Hawks Ltd.*, 72 B.R. 361, 365 (Bankr. D. Haw. 1987) (stating that "the award of attorney's fees and costs is discretionary"). Indeed, "the plain language of the statute clearly contemplates that fees and costs will not be awarded in all cases, even though a party will ordinarily incur attorneys' fees in seeking to dismiss the petition." *In re Reid*, 854 F.2d at 159.

**AFFIRMED.**

BENNETT, Circuit Judge, dissenting:

The Majority holds that, under *Miles v. Okun (In re Miles)*, 430 F.3d 1083 (9th Cir. 2005), a third party who appears for a debtor and successfully defends against an

involuntary bankruptcy petition can never request that the debtor be awarded costs, a reasonable attorney's fee, or damages. The Majority finds that this is the case even when, as here, the debtor never appeared in the involuntary bankruptcy action, was prevented from appearing by its deadlocked governance, and the third party who appeared on behalf of the debtor successfully defended the involuntary bankruptcy. This rule, according to the Majority, is absolute, regardless of how closely related the third party is to the debtor, and even though the third party only seeks an award in favor of the debtor.[1] Because *Miles* never went so far, and because I believe the Majority's rule is inconsistent with both the relevant statutory text and the policies underlying the Bankruptcy Act, I respectfully dissent.

Appellant Vibe Micro, Inc. owned 50% of the debtor 8Speed8's vested voting shares. Appellee SIG, LLC owned contingent shares in 8Speed8, which had not vested at the time of the involuntary bankruptcy petition. 8Speed8's board of directors reflected its collective ownership, with a director appointed from each of the owners, including SIG. Any action taken on behalf of the company required a two-thirds majority of the directors or the shareholders.

On December 13, 2013, SIG filed an involuntary bankruptcy petition against 8Speed8. According to Vibe Micro, both SIG and Luxor Entertainment, Inc.—the other 50% shareholder—intended to liquidate 8Speed8 contrary to Vibe Micro's position and inconsistent with its interests.

---

[1] I don't believe Appellant's position on this is unclear—it sought fees and damages to be awarded *to the debtor*. My dissent goes to this circumstance only—a third party asking that fees and damages be awarded to the debtor in a case where the debtor has not appeared, and the third party appeared on behalf of the debtor.

Since "no one else could or would appear," Vibe Micro filed a motion to dismiss on behalf of 8Speed8, which the bankruptcy court granted. Vibe Micro also sought, on behalf of the debtor, 1) costs or a reasonable attorney's fee, pursuant to 11 U.S.C. § 303(i)(1); and 2) "damages proximately caused by" what it claimed was the bad faith filing of the petition, pursuant to 11 U.S.C. § 303(i)(2). The bankruptcy court granted Vibe Micro's motion to dismiss, but it (and later the district court) held that Vibe Micro did not have standing to seek either fees or damages that would be awarded to the debtor because Vibe Micro was not actually "the debtor."

Involuntary bankruptcy is a drastic course of action that carries significant consequences, and "[f]iling an involuntary petition should be a measure of last resort." *Higgins v. Vortex Fishing Sys., Inc.*, 379 F.3d 701, 707 (9th Cir. 2004). The fee-shifting and damages provisions of § 303(i) are intended to deter frivolous filings. *See id.* (regarding fee-shifting under § 303(i)(1)); *In re Fox Island Square P'ship*, 106 B.R. 962, 968 (Bankr. N.D. Ill. 1989) (regarding damages under § 303(i)(2)) ("This deterrent should be directed not merely to the petitioning creditor in the case at bar, but also should serve as an example for similar circumstances in future cases." (quoting *In re Advance Press & Litho*, 46 B.R. 700, 706 (Bankr. D. Colo. 1984)). Appropriate deterrence serves not only to protect debtors from the very significant (and often irreparable) consequences that flow from an involuntary bankruptcy petition[2], but also to try to insulate the bankruptcy court from

---

[2] "An allegation of bankruptcy is a charge that ought not to be made lightly. It usually chills the alleged debtor's credit and his sources of supply. It can scare away his customers. It leaves a permanent scar, even if promptly dismissed." *In re SBA Factors of Miami*, 13 B.R. 99, 101

being unnecessarily and improperly used as a tool to resolve disputes. *See Advance Press*, 46 B.R. at 702 ("It is . . . obvious that the use of the bankruptcy court as a routine collection device would quickly paralyze this court." (quoting *In re SBA Factors of Miami*, 13 B.R. 99, 101 (Bankr. S.D. Fla. 1981)). For these reasons, "there must be available some remedy for the improper filing of an involuntary petition." *In re Ed Jansen's Patio, Inc.*, 183 B.R. 643, 644 (Bankr. M.D. Fla. 1995) (permitting the assignee for benefit of creditors to assert a claim for costs, fees, and damages on behalf of the debtor under § 303(i)).

In keeping with the purpose and nature of § 303(i), parties with a close relationship to a debtor, who have actually defended against an involuntary bankruptcy petition, have been allowed to collect damages and fees. *See, e.g.*, *Fox Island*, 106 B.R. at 967 (holding that non-petitioning partners can collect damages for defending the partnership against an involuntary petition filed by other partners); *see also Havens v. Leong P'ship*, 586 B.R. 760 (Bankr. N.D. Cal. 2018) (holding that an alleged partner in a fictitious partnership had standing to seek damages), *appeal docketed*, No. 18-15679.[3]

---

(Bankr. S.D. Fla. 1981); *see also* 2 *Collier on Bankruptcy* ¶ 303.37 (16th ed. 2018) ("Since the Code was enacted in 1978, some people have used section 303 as a means of harassment; this was an effective technique in the sense that even if the wrongful cases were dismissed (after effort to be sure), they resulted in serious consequences for the victim of the wrongful filing.").

[3] In fact, the cases in which non-debtors successfully claimed damages each involved a debtor who did not appear and a third party closely aligned with the debtor. *Compare, e.g.*, *Ed Jansen's Patio*, 183 B.R. at 644 (assignee for benefit of non-petitioning creditors) *and In*

Similarly, the Southern District of New York found that a 50% shareholder had standing to contest an involuntary bankruptcy petition: "[T]he debtor in the instant case is unable to answer the petition because its only two shareholders are on either side of the case, with neither having authority to act for the corporation."[4] *In re Westerleigh Dev. Corp.*, 141 B.R. 38, 40 (Bankr. S.D.N.Y. 1992); *see also In re Synergistic Techs., Inc.*, No. 07-31733-SGJ-7, 2007 WL 2264700, at *5 (Bankr. N.D. Tex. Aug. 6, 2007) ("[W]hen there is a corporate governance deadlock that prevents a corporate debtor from taking a position with regard to an involuntary bankruptcy petition, the court should allow shareholders to assert positions [including requests for damages under § 303(i)] on behalf of the alleged debtor."). Decisions allowing third parties that successfully defend against involuntary bankruptcy petitions to seek fees and damages that would be awarded to the debtor are in accord with the actual language of § 303(i)(1) which permits a judgment for fees or costs "against the petitioners and in favor of the debtor," and are certainly not inconsistent with § 303(i)(2), which permits an award of damages against a

---

*re Synergistic Techs., Inc.*, No. 07-31733-SGJ-7, 2007 WL 2264700, at *6 (Bankr. N.D. Tex. Aug. 6, 2007) (33% shareholder and board member), *with Franklin v. Four Media Co. (In re Mike Hammer Prods., Inc.)*, 294 B.R. 752 (B.A.P. 9th Cir. 2003) (holding creditors, who had no other affiliation to the debtor, did not have standing to seek costs or damages under § 303(i)).

[4] The Majority cites *Westerleigh* for the proposition that a bankruptcy court can dismiss a petition sua sponte if it is filed by a shareholder to gain leverage against another shareholder. Maj. Op. at 6. But the bankruptcy court in *Westerleigh* did not act sua sponte. Rather, the court found that the non-petitioning 50% shareholder had standing to contest the involuntary bankruptcy petition and granted that shareholder's motion to dismiss. 141 B.R. at 41.

petitioner that files a petition in bad faith. *See Ed Jansen's Patio*, 183 B.R. at 644.

Here, Vibe Micro owned 50% of the debtor's stock and stepped into the debtor's shoes to defend against the involuntary bankruptcy proceeding, and the party that filed the involuntary bankruptcy petition was itself a shareholder and on the board of directors. SIG admitted that 8Speed8 was essentially non-functional because of the shareholders' disputes: "[T]here was a breakdown. There was a lack of communication. There was a shareholder meeting called that was—that not all the shareholders wanted to attend." Any action on behalf of 8Speed8 required a two-thirds majority, either of the board (which included SIG) or of the shareholders (which were split 50–50). There is no indication that a vote of any kind ever took place. Under these circumstances, it is likely that Vibe Micro was the only party willing or able to defend 8Speed8 against involuntary bankruptcy, as it has asserted. The bankruptcy court should have at least determined whether Vibe Micro was correct in its assertion that, but for its actions, the debtor's interests would have gone wholly unrepresented and undefended. If Vibe Micro was truly the only party willing and able to act for 8Speed8, it should have been allowed to seek fees and damages under § 303(i).

The cases cited by the Majority do not support its rule. *In re Mike Hammer Productions, Inc.*, which the Majority cites for the proposition that "Congress intended only the debtor to have standing to seek damages," Maj. Op. at 5, stands only for the commonsense proposition that if a party lacks standing to contest an involuntary bankruptcy petition—as creditors do in most circumstances—then it also lacks standing to collect costs, fees, or damages under § 303(i). *Franklin v. Four Media Co. (In re Mike Hammer*

*Prods., Inc.)*, 294 B.R. 752, 754–55 (B.A.P. 9th Cir. 2003). The case says nothing about third parties who step into a debtor's shoes.[5] In fact, the court in *Hammer* appears to recognize that third parties have standing to seek damages when they represent the debtor. 294 B.R. at 755 (noting that in *Ed Jansen's Patio*, 183 B.R. at 644, the "assignee for benefit of creditors" was eligible to recover damages as a "representative of the debtor's estate"; observing that the third party with standing in *Fox Island*, 106 B.R. at 968, had "represented the Partnership"; and citing approvingly to an *American Law Reports* analysis of § 303(i)(1)(B) entitled "Standing of parties other than alleged debtor to seek award of attorney's fees").

The Majority primarily relies on *Miles* to support its holding that a third party can never collect damages, contending that "Appellant's appearance in this case was just as voluntary as the third parties in *Miles*." Maj. Op. at 6. But *Miles* involved true third parties—relatives of the debtors—who filed a separate suit in state court and who never appeared in the underlying bankruptcy cases. 430 F.3d at 1086. Vibe Micro is not such an independent third party—it was acting as a 50% shareholder during a corporate governance breakdown. Vibe Micro has always asserted that no other entity was willing to defend 8Speed8, and Vibe Micro claimed fees and damages, not after the fact and not for itself, as in *Miles*, but in the bankruptcy proceeding and for the debtor, as part of its motion to dismiss filed on the debtor's behalf.

---

[5] There was no suggestion that the non-petitioning creditors in *Hammer* were acting on behalf of the debtor—they were, in fact, simultaneously suing the debtor in state court. *See* 294 B.R. at 753.

*Miles* primarily dealt with the meaning of § 303(i)(2), which allows for "damages against any petitioner" proximately caused by the bad faith filing of an involuntary petition. *Miles* found that the language in § 303(i)(1)—that fees and costs could only be awarded "in favor of the debtor"—should be read into § 303(i)(2). 430 F.3d at 1093–94. Consequently, § 303(i)(2) did not allow relatives of the debtors to recover damages they personally suffered, even if proximately caused by the bad faith filing of an involuntary petition against their family members. *Id.* at 1094. *Miles* says nothing about a non-debtor who obtains a dismissal for the debtor and requests that damages be awarded *to the debtor* under § 303(i)(2). Moreover, reading the words "in favor of the debtor" into § 303(i)(2), as *Miles* does, would seem to support, rather than defeat, the claim made here by Vibe Micro. And, *Miles* certainly should not be read to bar a non-debtor who successfully obtains dismissal of a petition from obtaining "judgment . . . in favor of the debtor for . . . A) costs; or B) a reasonable attorney's fee" pursuant to § 303(i)(1).[6] Such a rule is inconsistent with the purposes underlying § 303(i) and takes *Miles* beyond both its facts and its holding.

Of course, Vibe Micro should not *automatically* get its fees and damages. I would remand this case for factual

---

[6] We do not here face the question of whether *Miles* bars a third party closely related to the debtor from collecting fees or damages *for itself* when it acts on behalf of a non-appearing debtor in successfully defending against an involuntary bankruptcy proceeding (though I note the policies underlying the statute would counsel in favor of allowing such awards). As noted, we are here faced only with the question of whether a third party closely related to the debtor can obtain fees or damages *for the debtor* in a case where the debtor did not appear, and the third party obtained a dismissal of the involuntary petition on the debtor's behalf.

findings that were never made. The bankruptcy court would need to, *inter alia*, 1) determine whether any party other than Vibe Micro could have appeared on 8Speed8's behalf, *see Fox Island,* 106 B.R. at 967 (making a factual finding that a non-petitioning partner represented the partnership); 2) decide whether the filing was in bad faith; and 3) calculate the appropriate damages and fees—if any—in light of the totality of the circumstances, *Higgins*, 379 F.3d at 707. I cannot agree with the Majority's determination that Vibe Micro lacks standing to seek fees and damages that would be awarded to the debtor, regardless of the debtor's ability to defend itself in the bankruptcy action, and notwithstanding that Vibe Micro actually obtained a dismissal on behalf of the debtor. Accordingly, I respectfully dissent.