In re Rodney Cassimer MILES,
Former Alleged Debtor.

Ann Miles; Melinda Miles; Kelly
Cunningham, Appellants,

v.

David B. Okun; Sheila Reiser–Okun;
David B. Okun, M.D., F.A.C.P., A Cali-
fornia Medical Corporation; David B.
Okun, M.D., F.A.C.P., A Medical Cor-
poration Money Purchase Plan; Okun
Family Trust U/D/T/ March 10, 1998;
Emanuel & Ann S.N. Reiser Revoca-
ble Trust; Andrew K. Mauthe; M. Ste-
phen Koontz; Milburn A. Matthews;
Coontz & Matthews L.L.P.; Lauren
Elizabeth Murphy; Susan A. Spitzo;
Vera J. Ferguson; Nancy M. Vold,
Appellees.

BAP Nos. CC–02–1528–KJP, CC–02–
1545–KJP, CC–02–1529–KJP, CC–02–
1544–KJP, CC–02–1537–KJP, CC–02–
1546–KJP.
Bankruptcy No. SA 01–13243–JB.
Adversary Nos. SA 02–01448–JB, SA
02–01449–JB, SA 02–01451–JB.

United States Bankruptcy Appellate Panel
of the Ninth Circuit.

Submitted Without Oral Argument
on March 20, 2003.

Filed May 5, 2003.

Rodney C. Miles, Laguna Niguel, CA, for Ann R. Miles.

David R. Haberbush, Haberbush & Campbell, LLP, Long Beach, CA, for appellees.

Before KLEIN, JELLEN,[1] and PERRIS, Bankruptcy Judges.

## OPINION

KLEIN, Bankruptcy Judge.

In these appeals, we hold that Congress preempted state law remedies when it enacted 11 U.S.C. § 303 providing for involuntary bankruptcies and, at § 303(i), prescribed a set of remedies against unsuccessful petitioners in involuntary bankruptcies. Thus, we AFFIRM the dismissal of removed state law actions filed by relatives of an alleged debtor seeking tort damages for the filing of an involuntary bankruptcy.

This decision complements the opinion of another panel, *Franklin v. Four Media Co. (In re Mike Hammer Prods., Inc.)*, 294 B.R. 752, BAP Nos. CC–02–1433 through 1436, 2003 WL 21204621 (9th Cir. BAP 2003) ("*Mike Hammer* "), published simultaneously with this one, which holds that § 303(i) does not authorize damage awards in favor of creditors.

## FACTS

Separate involuntary petitions against Ann and Rodney Miles, apparently arising out of a feud with neighbors, were dismissed without relief being ordered and with a ruling that the petition against Ann was filed in bad faith. Awards under § 303(i) were made in favor of Rodney ($144,432.97) and Ann ($10,445.98) based on their attorney's fees and costs.

After the petitions were dismissed, Ann (as Rodney's spouse and not as a former alleged debtor) and the Miles' daughters (Melinda and Kelly), with Rodney Miles as counsel, filed three substantially identical tort actions in a California state court seeking damages for the filing and prosecution of the involuntary petitions. The complaints stated theories of: defamation, false light, abuse of process, emotional distress, negligent misrepresentation, and simple negligence.

The named defendants included the petitioning creditors, their lawyers, and the law firm's paralegals and secretaries who worked on the case.

The defendant lawyers removed the three actions from state court to bankruptcy court pursuant to 28 U.S.C. § 1452(a).

Appellants moved for remand under 28 U.S.C. § 1452(b), on the premise that the removal was untimely and there is no federal jurisdiction over damage claims by third parties resulting from the filing of an involuntary bankruptcy.

The defendant lawyers countered with motions to dismiss the removed complaints, contending that federal law preempted all of the state law causes of action pleaded in the complaints.

The bankruptcy court refused to remand and dismissed the complaints as to all defendants, holding that § 303(i) preempts state law tort remedies for filing involuntary bankruptcies and does not authorize damages for third parties who claim to be harmed by the filing of an involuntary bankruptcy petition.

These timely appeals by Ann Miles (Nos. CC–02–1528 & 1545), Melinda Miles (Nos. CC–02–1529 & 1544), and Kelly Cunningham (Nos. CC–02–1537 & 1546) ("Appellants") ensued.

---

1. Hon. Edward D. Jellen, Chief Bankruptcy Judge for the Northern District of California, sitting by designation.

## JURISDICTION

The bankruptcy court had jurisdiction per 11 U.S.C. § 1334. We have jurisdiction under 11 U.S.C. § 158(a)(1).

## ISSUES

1. Whether Bankruptcy Code § 303(i) preempts state law causes of action for damages incurred by third parties resulting from the filing of an involuntary bankruptcy petition.

2. Whether there was the required jurisdictional foundation under 28 U.S.C. § 1334 for removal under 28 U.S.C. § 1452(a).

3. Whether remand was required by 28 U.S.C. § 1452(b).

4. Whether the complaints stated claims upon which relief can be granted.

## STANDARD OF REVIEW

■ Issues of preemption, jurisdiction, and dismissal for failure to state a claim are questions of law that are reviewed *de novo. Audette v. ILWU,* 195 F.3d 1107, 1111 (9th Cir.1999); *N. Slope Borough v. Rogstad (In re Rogstad),* 126 F.3d 1224, 1228 (9th Cir.1997). Remand decisions under 28 U.S.C. § 1452(b) are reviewed for abuse of discretion. *McCarthy v. Prince (In re McCarthy),* 230 B.R. 414, 416 (9th Cir. BAP 1999).

## DISCUSSION

We begin with the preemption analysis before turning to the jurisdiction and equitable discretion issues inherent in Appellants' challenge to the removal, and the dismissal.

### I

■ Neither the Ninth Circuit nor the Supreme Court has squarely held that § 303(i) preempts state tort remedies. Accordingly, we focus on the question.

Retracing the well-worn preemption path quickly leads to the question whether Congress intended to preempt all state tort remedies when it enacted Bankruptcy Code § 303(i) to provide a scheme of remedies that may be imposed if an involuntary bankruptcy petition is dismissed. 11 U.S.C. § 303(i).

■ Although preemption is an application of the Supremacy Clause of the Constitution, it is fundamentally a question of Congressional intent in which the presumption is that Congress did not intend to displace state law. U.S. Const. art. VI; *Maryland v. Louisiana,* 451 U.S. 725, 746, 101 S.Ct. 2114, 68 L.Ed.2d 576 (1981); *Radici v. Associated Ins. Cos.,* 217 F.3d 737, 741 (9th Cir.2000).

■ Congressional intent to preempt may be inferred from a scheme of federal regulation that is so comprehensive, or where the federal interest so dominates, that the federal system may be assumed to preclude enforcement of state laws on the same subject. When a federal scheme is sufficiently comprehensive to warrant an inference that Congress "left no room" for state regulation, the "field" has been preempted. *Hillsborough County, Fla. v. Automated Med. Labs., Inc.,* 471 U.S. 707, 713, 105 S.Ct. 2371, 85 L.Ed.2d 714 (1985); *Ting v. AT & T,* 319 F.3d 1126, 1135–36 (9th Cir.2003); *Petitioning Creditors v. Matsco, Inc. (In re Cybernetic Servs., Inc.),* 252 F.3d 1039, 1045 (9th Cir.2001); *Radici,* 217 F.3d at 741. It is "field preemption" that we consider here.

In the case of bankruptcy, Congress has power to establish "uniform Laws on the subject of Bankruptcies throughout the United States." U.S. Const. art. I, § 8, cl. 4. The requirement of "uniformity" in bankruptcy is of constitutional proportions and well-recognized. *MSR Exploration,*

*Ltd. v. Meridian Oil, Inc.,* 74 F.3d 910, 914–15 (9th Cir.1996).

Thus, the Ninth Circuit has held that a state's laws regarding malicious prosecution are completely preempted by the Bankruptcy Code with respect to the filing of a claim by a creditor. *MSR Exploration,* 74 F.3d at 915. Likewise, it has held that the state law tort of abuse of process is preempted when the alleged abuse of process is the filing of a bankruptcy case. *Gonzales v. Parks,* 830 F.2d 1033, 1035–36 (9th Cir.1987).

In *MSR Exploration,* the Ninth Circuit held that malicious prosecution actions based on bankruptcies are preempted, reasoning that "the unique, historical, and even constitutional need for uniformity in the administration of the bankruptcy laws" signaled Congressional intent to preempt the regulation of parties appearing in bankruptcy court. It cited § 303(i) as an example of how "Congress has considered the need to deter misuse of the process and has not merely overlooked the creation of additional deterrents." *MSR Exploration,* 74 F.3d at 915.

For the same reasons, state tort actions against those who file involuntary petitions must also be regarded as preempted.

The § 303(i) remedial scheme is comprehensive in that it specifically addresses the full range of remedies from costs and attorney's fees to compensatory and punitive damages for unsuccessful involuntary bankruptcies.[2]

Nor, in limiting the persons eligible for § 303(i) awards, was Congress inadvertently overlooking third parties.[3] There is a palpable federal interest in foreclosing the possibility that debtors or third parties opposed to the bankruptcy would attempt to interrupt or chill legitimate bankruptcy cases by pursuing satellite state tort litigation as a form of collateral attack on the bankruptcy petition.

A key justification for involuntary cases is as a creditors' remedy that enables creditors who lack the muscle or the luck to extract preferences or unequal transfers from distressed debtors to achieve equitable treatment by invoking the protections inherent in the trustee's avoiding powers consistent with the principle of ratable recovery for creditors. Third-party transferees who might be at risk of disgorgement to a bankruptcy trustee can be expected to resist the involuntary bankruptcy by any means possible. If they could bring state tort actions against petitioning creditors, then the filing of meritorious involuntary bankruptcy petitions would be chilled by state law. As noted in the *Collier* treatise: "The better argument is that federal law preempts state tort law [because] to hold otherwise would undermine the federal scheme relating to invol-

---

2. Section 303(i) provides:

(i) If the court dismisses a petition under this section other than on consent of all petitioners and the debtor, and if the debtor does not waive the right to judgment under this subsection, the court may grant judgment—

(1) against the petitioners and in favor of the debtor for—

(A) costs; or

(B) a reasonable attorney's fee; or

(2) against any petitioner that filed the petition in bad faith, for—

(A) any damages proximately caused by such filing; or

(B) punitive damages.

11 U.S.C. § 303(i).

3. The conclusion that § 303(i) preempts state tort law is independent of the question whether third parties are eligible for § 303(i) awards. If our conclusion in *Mike Hammer* that third parties are not eligible were to be reversed, then the argument for preemption would be even stronger because there would be no need to consider whether the omission of a remedy for third parties affects preemption. *Cf. MSR Exploration,* 74 F.3d at 913.

untary filings." 2 COLLIER ON BANKRUPTCY ¶ 303.15[10] (Alan Resnick & Henry Sommer eds., 15th ed. rev. 2002) ("COLLIER"); *see also Walls v. Wells Fargo Bank,* 276 F.3d 502, 510 (9th Cir.2002)(the contempt remedy provided by the Bankruptcy Code for violation of the discharge injunction is the exclusive remedy because to hold otherwise "would circumvent the remedial scheme of the Code under which Congress struck a balance between the interests of debtors and creditors.").

Such a situation would also pose a risk to uniformity. Thus, as the Ninth Circuit's *MSR Exploration* panel explained, the opportunities for asserting state tort claims "would only be limited by the fertility of the pleader's mind and by the laws of the state in which the proceeding took place" such that there would be non-uniform collateral attacks on bankruptcy cases. *MSR Exploration,* 74 F.3d at 914. The authors of the *Collier* treatise agree. COLLIER, ¶ 303.15[10].

The risk of subverting the bankruptcy process also warrants the conclusion that bankruptcy courts must have control over remedies for the improper filing of bankruptcy petitions:

> [e]ven the mere possibility of being sued in tort in state court could in some in-

stances deter persons from exercising their rights in bankruptcy. In any event, it is for the Congress and the federal courts, not the state courts, to decide what incentives and penalties are appropriate for use in connection with the bankruptcy process and when those incentives or penalties shall be utilized.

*Id.* at 915–16 (quoting *Gonzales,* 830 F.2d at 1035–36).

Thus, although the Bankruptcy Code does not completely preempt state laws that govern relationships and remedies between parties to bankruptcy proceedings, we conclude that all of the causes of action listed in Appellants' complaints arise out of the act of preparing, signing, filing, and prosecuting the eventually-dismissed bankruptcy petitions and are preempted.[4]

## II

Appellants' challenge to the remand presents the questions whether the bankruptcy court had the jurisdiction under 28 U.S.C. § 1334 that is prerequisite to removal under 28 U.S.C. § 1452(a), and whether the bankruptcy court correctly determined the equitable issues involved in remand under 28 U.S.C. § 1452(b).[5]

---

**4.** California courts hold California torts to be preempted by § 303(i). *Gene R. Smith Corp. v. Terry's Tractor, Inc.,* 209 Cal.App.3d 951, 257 Cal.Rptr. 598 (Cal.Ct.App.1989); *accord Satten v. Webb,* 99 Cal.App.4th 365, 375–87, 121 Cal.Rptr.2d 234 (Cal.Ct.App.2002); *Saks v. Parilla, Hubbard & Militzok,* 67 Cal.App.4th 565, 573–74, 79 Cal.Rptr.2d 120 (Cal.Ct.App. 1999); *Idell v. Goodman,* 224 Cal.App.3d 262, 268–71, 273 Cal.Rptr. 605 (Cal.Ct.App.1990).

**5.** Those removal and remand provisions are:
    (a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district

court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.
    (b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision not to remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.
28 U.S.C. § 1452.

## A

■ A civil action may be removed under § 1452(a) only if the district court (of which the bankruptcy court is a "unit") "has jurisdiction under section 1334" providing for federal bankruptcy jurisdiction. 28 U.S.C. §§ 1334 & 1452(a).

Appellants contend that their complaints, which were filed after the bankruptcy case was dismissed, plead only causes of action under state tort law and that the "well-pleaded complaint" under state law cannot be re-characterized as a claim that would be in § 1334 jurisdiction. We are not persuaded.

■ The complete preemption doctrine functions as an "independent corollary" to the well-pleaded complaint rule. Once a federal cause of action completely preempts state causes of action, any claim based on the preempted state law is deemed to be, from its inception, a federal claim. *Caterpillar Inc. v. Williams,* 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); *Metro. Life Ins. Co. v. Taylor,* 481 U.S. 58, 65, 107 S.Ct. 1542, 95 L.Ed.2d 55 (1987); *Franchise Tax Bd. v. Constr. Laborers Vacation Trust,* 463 U.S. 1, 24, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); *Rains v. Criterion Sys., Inc.,* 80 F.3d 339, 344–45 (9th Cir.1996).

As we have explained, § 303(i) completely preempts state tort damages actions premised on the filing and prosecution of involuntary bankruptcy petitions. Hence, we agree with the bankruptcy court that Appellants' complaints fall within the "independent corollary" to the well-pleaded complaint rule and are deemed to be federal bankruptcy causes of action that are inextricably part of the parent bankruptcy case in the same manner as § 303(i) actions for fees, costs, and damages are inextricably part of the administration of the parent bankruptcy case over which there

is exclusive federal jurisdiction under 28 U.S.C. § 1334(a).

It follows that the removal was permissible under § 1452(a) because the court had jurisdiction under 28 U.S.C. § 1334.

## B

Having concluded that the civil actions were correctly removed, the question becomes whether the bankruptcy court should have exercised its authority to remand the removed actions "on any equitable ground" as permitted by § 1452(b).

■ The provision in § 1452(b) prohibiting appellate review under 28 U.S.C. §§ 158(d), 1254, 1291, or 1292 of orders remanding or refusing to remand does not affect our jurisdiction to review an order denying a remand motion because we review bankruptcy court decisions pursuant to 28 U.S.C. § 158(a). *In re McCarthy,* 230 B.R. at 417; *accord Things Remembered v. Petrarca,* 516 U.S. 124, 126–27, 116 S.Ct. 494, 133 L.Ed.2d 461 (1995); *Schulman v. California (In re Lazar),* 237 F.3d 967, 982 (9th Cir.2001).

■ In this instance, the answer is compelled by our analysis of the jurisdictional posture of § 303(i) claims for fees, costs, and damages, which are so inextricably a part of the parent bankruptcy case over which federal jurisdiction is exclusive under § 1334(a), that they must be viewed as within exclusive federal jurisdiction. It follows that the state court whence the actions were removed lacked jurisdiction and that the bankruptcy court correctly declined to remand.

If, however, § 303(i) claims for fees, costs, and damages were to be classified as "civil proceedings" under § 1334(b), over which federal jurisdiction is concurrent with state courts so that remand of the actions—recharacterized as § 303(i) actions—would be possible, we would never-

theless affirm the refusal to remand. The federal interest in assuring fair and equitable administration of the bankruptcy system and policing abuses so predominates over any arguable state interest that a bankruptcy court's conclusion that it should resolve the dispute for itself without remanding would not be an abuse of discretion. *Things Remembered v. Petrarca,* 516 U.S. at 126, 116 S.Ct. 494.

### III

It remains only to consider briefly the granting of the motions to dismiss the removed adversary proceedings for failure to state a claim upon which relief can be granted.

Federal Rule of Civil Procedure 12(b)(6), as incorporated by Federal Rule of Bankruptcy Procedure 7012(b), applies in bankruptcy adversary proceedings and authorizes dismissal if the complaint cannot "state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6).

Although the bankruptcy court acted on multiple grounds in granting the Rule 12(b)(6) motions to dismiss, the decision of our companion panel in *Mike Hammer* determining that third parties are not eligible for § 303(i) awards compels the conclusion that, since all of Appellants' claims were made in their capacities as third parties, none state a claim upon which relief can be granted. Accordingly, we perceive no error.

\*       \*       \*       \*       \*       \*

In sum, the Bankruptcy Code's remedial scheme at § 303(i) for dealing with unsuccessful involuntary bankruptcies preempts state tort remedies. The civil tort actions by third parties were correctly removed from state court under § 1452(a). The bankruptcy court correctly declined to remand the actions and correctly dismissed them because third parties cannot maintain actions for § 303(i) fees, costs, and damages.

AFFIRMED.