ORDER
The memorandum disposition filed on October 13, 2006, is hereby amended by replacing paragraphs two and three on pages two and three and the amended memorandum disposition is filed in its stead.
With this amendment, the panel votes to deny appellant’s petition for panel rehearing and has recommended denial of the petition for rehearing en banc. The full court has been advised of the petition for rehearing en banc and no judge has requested a vote on whether to rehear the matter en banc. Fed. R.App. P. 35.
The petition for panel rehearing and the petition for rehearing en banc are DENIED and no further petition shall be entertained.
AMENDED MEMORANDUM *
RW Squared Medical Group appeals the district court’s decision affirming the bankruptcy court’s denial of its claim against HWY Squared, Inc. in the latter’s Chapter 11 bankruptcy case. We affirm. Because the parties are familiar with the factual and procedural history of the case, we will not recount it here.
As RW Squared notes, “[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim.” Fed. R. Bankr.P. 3001(f). Upon objection, the proof of claim provides “some evidence as to its validity and amount” and carries over a “mere formal objection.” Lundell v. Anchor Const. Specialists, Inc., 223 F.3d 1035, 1039 (9th Cir.2000). The objector must produce sufficient evidence “tending to defeat the claim by probative force equal to that of *583 the allegations in the proofs of claim themselves.” Id. (citing In re Holm, 981 F.2d 620, 623 (9th Cir.1991)). But where the proof of claim omits an essential element of the substantive claim, the objector “need only note the absence of any such showing, and does not require evidence in support.” In re Atwood, 293 B.R. 227, 233 (9th Cir. BAP 2003). The claimant then must “prove the validity of the claim by a preponderance of the evidence. The ultimate burden of persuasion remains at all times upon the claimant.” Lundell, 223 F.3d at 1039.
Here, RW Squared’s proof of claim failed to show that its alleged damages were proximately caused by the debtor’s breach of the Agreement. Although this proof of claim was strong enough to overcome a “mere formal objection,” HWY Squared’s objection was sufficient under Atwood to shift the burden back to RW Squared on the proximate causation issue. The bankruptcy court did not abuse its discretion in finding that RW Squared failed to establish its proof of claim in the absence of evidence of proximate causation and damages.
Next, RW Squared argues that the bankruptcy court abused its discretion by striking the Newman Declaration under Federal Rule of Evidence 1006 and denying RW Squared’s request to make an offer of proof. Rule 1006 provides that “[t]he contents of voluminous writings ... which cannot conveniently be examined in court may be presented in the form of a ... summary. The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at reasonable time and place.” Here, RW Squared neither established that the records summarized in the Newman Declaration were voluminous nor made those records available to HWY Squared. Because RW Squared did not establish the proper foundation for this summary evidence, the bankruptcy judge did not abuse his discretion in excluding the declaration. See Amarel v. Connell, 102 F.3d 1494, 1516-17 (9th Cir.1999). Moreover, as the district court noted, RW Squared’s request for an offer of proof is better termed a request to prove damages through additional evidence. The bankruptcy judge did not abuse his discretion in refusing to permit RW Squared to present additional evidence that it should have offered during the hearing itself.
Finally, RW Squared claims the bankruptcy judge abused his discretion by denying its motion for reconsideration. To be granted reconsideration, RW Squared must show (1) newly discovered evidence, (2) clear error or manifest injustice in the initial decision, or (3) an intervening change in the law. Sch. Dist. No. 1J, Multnomah County, Or. v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993). RW Squared bases its motion upon two declarations purporting to establish damages. But this evidence was available to RW Squared at the initial hearing. “[T]he failure to file documents in an original motion or opposition does not turn the late filed documents into ‘newly discovered evidence.’ ” Id. Therefore the court did not abuse its discretion by denying the motion for reconsideration.
AFFIRMED.

 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3.